UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                         21-CR-613 (RPK)

        -v-

ANGEL ALMEIDA

                          Defendant.
------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT ANGEL ALMEIDA'S PRETRIAL MOTIONS

## PRELIMINARY STATEMENT

Angel Almeida, by and through his undersigned counsel, respectfully submits this reply brief in further support of his motions to suppress the search warrants and to sever Count One from Counts Two-Four.

## POINT I

## ANGEL ALMEIDA HAS STANDING TO CHALLENGE THE SEARCH WARRANTS

The Court should find that Angel Almeida has standing to challenge the warrants because the agent's sworn search warrant affidavits establish Angel Almeida's privacy interest in the "Subject Premises."

"[A] defendant's Fourth Amendment rights are violated only when the challenged conduct invades his legitimate expectation of privacy rather than that of a third party." *United States v. Santillan*, 902 F.3d 49, 62 (2d Cir. 2018) (emphasis in original) (internal quotation marks and citation omitted). A defendant seeking to suppress evidence based on an alleged Fourth Amendment violation "must show that he had a reasonable expectation of privacy in the place or object searched." *Id.* (quoting *United States v. Delva*, 858 F.3d 135, 148 (2d Cir. 2017)). The defendant must submit sworn evidence, in the form of an affidavit or testimony, from the defendant or someone with personal knowledge, "demonstrating sufficient facts to show that he had a legally cognizable privacy interest in the searched premises at the time of the search." *United States v. Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y. 1993), aff'd, 44 F.3d 1102 (1995) (citations omitted). Absent this demonstration, the defendant lacks standing to challenge the search. The duty of the reviewing court "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238–39.

1

A defendant's Fourth Amendment rights are violated "only when the challenged conduct invaded his legitimate expectation of privacy rather than that of a third party." *United States v. Payner,* 447 U.S. 727, 731 (1980); see also *United States v. Villegas,* 899 F.2d 1324, 1333 (2d Cir. 1990).

Here, as conceded by government agents in the multiple, sworn warrant affidavits, Almeida lived at the Subject Premises. Almeida used the apartment address to have items delivered, and phones attributed to him were linked to that address. Furthermore, the government also established his links, and therefore privacy interest to Angel Almeida's social media accounts. Based upon the *sworn* assertion of Special Agent Johnson, Almeida had a reasonable expectation of privacy in his home.

The government's opposition cites two cases. First, in *United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005), there was a legitimate question about the location and whether Mr. Watson lived there, which required an affidavit to establish standing. Here, there is no question that Angel Almeida lived at the location that was searched, and therefore had a privacy interest in that location; in fact, the sworn agent affidavit states that Angel Almeida lived at those premises. Similarly, *United States v. Tartaglione*, No. 16-CR-832 (KMK), 2023 WL 2237903, at *10 (S.D.N.Y. Feb. 27, 2023) concerned the question of a privacy interest in historical cell site records. That is demonstrably different from the privacy interest in one's own home. *See Payton v. New York*, 445 U.S. 573, 589-90 (1980) (privacy in home at "very core" of the Fourth Amendment).

In short, given that the government conceded in *sworn* statements in support of warrant applications that the "Subject Premises" were Almeida's home, the government has established

that Almeida has standing to question the legality of the search; and it should be estopped from taking a position at odds with the sworn affidavit it submitted to a magistrate judge.

Alternatively, we request that the Court hold ruling in abeyance. The government argues that Almeida lacks standing because he did not submit an affidavit. As the Court is aware, Angel Almeida's competency is being evaluated because they will not communicate with counsel. As such, counsel has not been able to effectively communicate with the defendant. We request that ruling be stayed until we are able to communicate with our client.

## POINT II

**THE WARRANT APPLICATION FAILED TO ESTABLISH PROBABLE CAUSE THAT EVIDENCE OF A CRIME WOULD BE LOCATED AT THE SUBJECT PREMISES**

The government's reply brief fails, again, to establish probable cause that evidence of a crime would be found in the Subject Premises. Essentially, the government lists numerous reasons of how they know Angel Almeida lives at the residence, which are notably not reasons to believe he committed crimes there. The warrant application links a billing address, a mailbox, and have video surveillance that Almeida entered and exited the Subject Premises. All of these establish a link between Angel Almeida and the Subject Premises, but not that any crime was committed there. If the government's burden was to show probable cause that the defendant lived at the Subject Premises, they have met that burden. However, they have not shown that a crime was committed inside the Subject Premises.

The government essentially concedes this point in its opposition brief. Specifically, they state, "Moreover, the Premises Affidavit included screenshots of several photographs posted to the Social Media Accounts in which the defendant posed with firearms, which photographs were plainly taken inside, and which appear to have been taken inside a residence. See, e.g., Ex. B ¶¶

3

23(b) (depicting defendant posing with a firearm in front of a doorway), 31(e) (depicting defendant holding a firearm, with faucet and bathtub visible in the background)."

G. Opp. at 11. The government does not, because it cannot, state that these photographs are from Angel Almeida's residence. Instead, it states that these photographs appear to be taken inside *a* residence. The location is unknown; it is at best speculative. Even the proposition it is a residence is also a guess. The government supports its theory that the photographs were taken inside a residence because there is a bathtub and a faucet. However, hotels, like houses, also have bathtubs and faucets. Given the absence of any evidence that Angel Almeida uploaded material from the address at the Subject Premises, affirming this search warrant would mean that any time someone posts offensive material online, there is a presumption that they did it from home or that evidence of a crime will be at their home. We respectfully submit that that is too broad a proposition. The evidence resulting from the search of the Subject Premises must be suppressed.

### POINT III

### THE COURT SHOULD BIFURCATE ANGEL ALMEIDA'S TRIAL IF THE COUNTS ARE NOT SEVERED

The government's opposition brief proffers reasons why it believes Count One (the felon-in-possession count) may be joined with the other counts under Rule 8; but we maintain that severance is appropriate under Rule 14.

Further, the government does not provide a sound reason not to bifurcate the proceedings. The government, on pages 24-25 of their reply brief, mischaracterizes the holding in *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994). The government attempts to distinguish *Jones* by noting that, in *Jones*, "the prosecution added a firearm charge solely to buttress its case on the bank robbery charges." G. Opp. at 24. The government confuses facts the Second Circuit relied on to identify error with those it opined upon to find prejudice flowing from the error. *Jones* highlighted

4

the fact that the felon-in-possession count was added after a mistrial to demonstrate that allowing the jury improperly to learn of the defendant's prior felony conviction caused "substantial prejudice"; but that fact was *not* part of the analysis as to why allowing the joinder to happen was error by the district court.

Moreover, *Jones*, opined that "[t]o tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities. The presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *Jones*, 16 F.3d at 493.

Here, given the sensitive nature of the charged crimes, there is an even stronger, overwhelming probability that the jury will be unable to follow the court's limiting instruction should it decline to bifurcate the felon-in-possession count. The prejudice against Angel Almeida would be substantial. As such, the Court should bifurcate Angel Almeida's trial if the counts are not severed.

5

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court issue an order granting the relief sought in the Defendant's motions and any additional relief that the Court deems proper.

Dated:    Staten Island, New York
          October 23, 2023

                                        Respectfully submitted,

                                        /s/ *Michael Vitaliano*
                                        Benjamin Silverman
                                        Michael Vitaliano
                                        *Attorneys for Angel Almeida*