```
                                                                    1

1                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK
2

3    - - - - - - - - - - - - -    X

4    UNITED STATES OF AMERICA,    :    21-CR-613(RPK)

5            Plaintiff,           :
                                       United States Courthouse
6        -against-                :    Brooklyn, New York

7    ANGEL ALMEIDA,               :
                                       February 1, 2023
8            Defendant.           :    5:30 o'clock p.m.

9    - - - - - - - - - - - - -    X

10
                     TRANSCRIPT OF STATUS CONFERENCE
11                BEFORE THE HONORABLE RACHEL P. KOVNER
                       UNITED STATES DISTRICT JUDGE.
12

13   APPEARANCES:

14
     For the Government:          BREON PEACE
15                                United States Attorney
                                  BY: CHAND EDWARDS-BALFOUR
16                                Assistant United States Attorney
                                  271 Cadman Plaza East
17                                Brooklyn, New York

18
     For the Defendant:           SABRINA P. SHROFF, ESQ.
19                                80 Broad Street, 19th Floor
                                  New York, New York  20004
20

21   Court Reporter:              Charleane M. Heading
                                  225 Cadman Plaza East
22                                Brooklyn, New York
                                  (718) 613-2643
23

24   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
25


              CMH       OCR       RDR       FCRR
```

1    THE CLERK: United States of America versus Angel
2 Almeida.
3    Counsel, please state your name for the record.
4    MR. EDWARDS-BALFOUR: Good afternoon, Your Honor.
5 Chand Edwards-Balfour on behalf of the government with the
6 case agents from the FBI.
7    THE COURT: Good afternoon.
8    MS. SHROFF: Good afternoon, Your Honor. And I
9 apologize for being late. Sabrina Shroff for Mr. Almeida who
10 is seated to my right.
11    THE COURT: Okay. Great. So I think the first
12 order of business for us today is to arraign Mr. Almeida on
13 the superseding indictment.
14    So there was a superseding indictment that was
15 returned in this case yesterday. It just means a new
16 indictment that has additional charges.
17    I know that just happened yesterday but have you
18 seen that indictment, Mr. Almeida.
19    MS. SHROFF: So, Your Honor, may I just? I got this
20 indictment this afternoon. It wasn't on the docket --
21    THE COURT: Yes.
22    MS. SHROFF: -- when I started the trial day and
23 Mr. Chan was kind enough to e-mail it to me.
24    THE COURT: Sure.
25    MS. SHROFF: I was able to give Mr. Almeida a copy

3

1  in the back.
2              THE COURT:  Yes.
3              MS. SHROFF:  And that is the limited review he's had
4  of it.
5              THE COURT:  Sure.
6              MS. SHROFF:  And I've reviewed it with him in
7  telling him what the counts are and the gist of the actual
8  charges themselves.
9              THE COURT:  Okay.  So, Mr. Almeida, do you want me
10 to read the indictment out loud in open court or do you waive
11 its public reading?
12             THE DEFENDANT:  Go for it.
13             THE COURT:  All right.  So this indictment has four
14 counts.
15             Count One is a count of felon in possession of a
16 firearm and ammunition.  It says:  "On or about November 23rd
17 of 2021, within the Eastern District of New York and
18 elsewhere, the Defendant Angel Almeida, knowing that he had
19 previously been convicted in a court of one or more crimes
20 punishable by a term of imprisonment exceeding one year, did
21 knowingly and intentionally possess, in and affecting
22 interstate or foreign commerce a firearm, to wit, a
23 9 millimeter loaded Taurus firearm bearing serial number
24 ABM235774, and ammunition, to wit, 9 millimeter caliber
25 ammunition."  And then it cites the statute which is Title 18,

1  United States Code, Section 922(g)(1), 924(a)(2) and 3551,
2  et seq.
3            Count Two is a count of sexual exploitation and
4  attempted sexual exploitation of a child, and it charges:  "In
5  or about and between July 2021 and December 2021, both dates
6  being approximate and inclusive, within the Eastern District
7  of New York and elsewhere, the Defendant Angel Almeida did
8  knowingly and intentionally employ, use, persuade, induce,
9  entice and coerce a minor, and attempt to do so, to wit,
10 Jane Doe-1, an individual whose identity is known to the Grand
11 Jury, to engage in sexually explicit conduct for the purpose
12 of producing one or more visual depictions of such conduct,
13 knowing and having reason to know that such visual depictions
14 would be transported and transmitted using any means and
15 facility of interstate and foreign commerce and which would be
16 in and affecting interstate and foreign commerce, which visual
17 depictions were produced and transmitted using materials that
18 had been mailed, shipped and transported in and affecting
19 interstate and foreign commerce by any means, including by
20 computer, and which visual depictions were actually
21 transported and transmitted using a means and facility of
22 interstate and foreign commerce and in and affecting
23 interstate and foreign commerce."  And the statute is
24 Title 18, United States Code, Section 2251(e) and 3551,
25 et seq.

1   Count Three charges Mann Act coercion and enticement
2   and attempted coercion and enticement, and it charges that:
3   "In or about and between February of 2020 and November of
4   2021, both dates being approximate and inclusive, within the
5   Eastern District of New York and elsewhere, the Defendant
6   Angel Almeida did knowingly and intentionally persuade,
7   induce, entice and coerce an individual who had not yet
8   attained the age of 18 years, and attempt to do so, to wit,
9   Jane Doe-2, an individual whose identity is known to the Grand
10  Jury, to engage in sexual activity for which a person could be
11  charged with a criminal offense, to wit, sexual intercourse
12  and sexual contact with a person who had not yet attained the
13  age of 17 years by a person who was 21 years old or more, in
14  violation of New York Penal Law, Sections 130.20(2), sexual
15  misconduct, and 130.40(2), criminal sexual act in the third
16  degree, using one or more facilities and means of interstate
17  commerce."  And that's Title 18, United States Code,
18  Section 2422(b) and 3551, et seq.
19      And then Count Four which is the last count charges
20  possession of child pornography, charges that:  "In or about
21  and between April 2021 and November 2021, both dates being
22  approximate and inclusive, within the Eastern District of
23  New York and elsewhere, the Defendant Angel Almeida did
24  knowingly and intentionally possess matter which contained one
25  or more visual depictions, to wit, digital videos and images

6

stored on:  One, a OnePlus cellular device assigned International Mobile Equipment Identity number or IMEI number 990017120450826; two, a OnePlus cellular device assigned IMEI 990017121918474; three, a T-Mobile Alcatel/TCL REVVL 4+ cellular device assigned IMEI 015727002298330; and, four, a Samsung Galaxy A21 cellular device assigned IMEI 352252553947178, that had been mailed and had been shipped and transported using a means and facility of interstate commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct."  And the statute is Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551, et seq.

There are also forfeiture allegations as to these counts.

So the criminal forfeiture as to Count One says: "The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing

1  violation of Title 18, United States Code, Section 922 or 924,
2  including but not limited to:  One, one loaded 9 millimeter
3  Taurus firearm bearing serial number ABM235774; two, one
4  loaded magazine; and, three, assorted ammunition all of which
5  were seized on or about November 23rd of 2021 from the
6  defendant's residence in Queens, New York.
7         "If any of the above-described forfeitable property,
8  as a result of any act or omission of the defendant, A, cannot
9  be located upon the exercise of due diligence, B, has been
10 transferred or sold to or deposited with a third party, C, has
11 been placed beyond the jurisdiction of the court, D, has been
12 substantially diminished in value or, E, has been commingled
13 with other property which cannot be divided without
14 difficulty, it is the intention of the United States, pursuant
15 to Title 21, United States Code, Section 853(p), to seek
16 forfeiture of any other property of the defendant up to the
17 value of the forfeitable property described in the forfeiture
18 allegation."
19        The statutory citation is Title 18, United States
20 Code, Section 924(d)(1), Title 21, United States Code
21 Section 853(p), Title 28, United States Code, Section 2461(c).
22        The criminal forfeiture allegation as to Counts Two
23 and Four says:  "The United States hereby gives notice to the
24 defendant that upon his conviction of the offenses charged in
25 Counts Two and Four, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of: A, any visual depiction described in Section 2251, 2251(a), 2252, 2252(a), 2252(b) or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections or, B, any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses and, C, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to the following assets seized on or about November 23, 2021 from the defendant's residence in Queens, New York: One, a OnePlus cellular device assigned IMEI 990017120450826; two, a OnePlus cellular device assigned IMEI 990017121918474; three, a T-Mobile Alcatel/TCL REVVL 4+ cellular device assigned IMEI 015727002298330; and, four, a Samsung Galaxy A21 cellular device assigned IMEI 352252553947178.

"If any of the above-described forfeitable property, as a result of any act or omission of the defendant, A, cannot be located upon the exercise of due diligence, B, has been transferred or sold to, or deposited with, a third party, C, has been placed beyond the jurisdiction of the court, D, has

1   been substantially diminished in value or, E, has been
2   commingled with other property which cannot be divided without
3   difficulty, it is the intent of the United States, pursuant to
4   Title 21, United States Code, Section 853(p), as incorporated
5   by Title 18, United States Code, Section 2253(b), to seek
6   forfeiture of any other property of the defendant up to the
7   value of the forfeitable property described in this forfeiture
8   allegation."
9            And the statutory citation is to Title 18, United
10  States Code, Sections 2253(a) and 2253(b), Title 21, United
11  States Code, Section 853(p).
12           And, finally, there's a forfeiture allegation as to
13  Count Three and it says:  "United States hereby gives notice
14  to the defendant that upon his conviction of the offense
15  charged in Count Three, the government will seek forfeiture in
16  accordance with Title 18, United States Code, Section 2428(a),
17  which requires the forfeiture of, A, any property, real or
18  personal, that was used or intended to be used to commit or to
19  facilitate the commission of such offense and, B, any
20  property, real or personal, constituting or derived from
21  proceeds obtained directly or indirectly as a result of such
22  offense including, but not limited to, the following assets
23  seized on or about November 23, 2021, from the defendant's
24  residence in Queens, New York:  One, a OnePlus cellular device
25  assigned IMEI 990017120450826; two, a OnePlus cellular device

1  assigned IMEI 990017121918474; three, a T-Mobile Alcatel TCL
2  REVVL 4+ cellular device assigned IMEI 015727002298330; and,
3  four, a Samsung Galaxy A21 cellular device assigned
4  IMEI 352252553947178.
5              "If any of the above described forfeitable property,
6  as a result of any act or omission of the defendant, A, cannot
7  be located upon the exercise of due diligence, B, has been
8  transferred or sold to or deposited with a third party, C, has
9  been placed beyond the jurisdiction of the court, D, has been
10 substantially diminished in value or, E, has been commingled
11 with other property which cannot be divided without
12 difficulty, it is the intent of the United States pursuant to
13 Title 21, United States Code, Section 853(p) to seek
14 forfeiture of any other property of the defendant up to the
15 value of the forfeitable property described in this forfeiture
16 allegation.  It cites the statute, Title 18, United States
17 Code, Section 2428(a), Title 21, United States Code,
18 Section 853(p)."
19             Then it's signed by the foreperson of the Grand Jury
20 and by an Assistant United States Attorney on behalf of the
21 United States Attorney.
22             So that's the full written indictment but can we
23 give Mr. Almeida a copy to send back with him or is that hard
24 to do?
25             MS. SHROFF:  Your Honor, I did give Mr. Almeida a

1  copy.  It's not stapled and I'm hoping that the Marshals
2  Service won't have an issue.
3              THE COURT:  Great.  I think that would be great.
4              Okay.  So are you prepared to enter a not guilty
5  plea on his behalf to the superseding indictment?
6              MS. SHROFF:  Yes, Your Honor, Mr. Almeida enters a
7  plea of not guilty as to each count of the indictment.
8              THE COURT:  Okay.  So I'll enter a not guilty plea.
9              I understand there are a couple of things the
10 parties want to take up and one of them is an application
11 Mr. Almeida wanted to make outside the presence of the
12 government, is that right?
13             MS. SHROFF:  I do, Your Honor.  I think Mr. Almeida
14 would like to be heard on some services he would like to
15 request from the Court and I believe those are properly
16 ex parte --
17             THE COURT:  Okay.
18             MS. SHROFF:  -- since they don't involve the
19 government.
20             THE COURT:  So unless there's any objection.
21             MR. EDWARDS-BALFOUR:  No objection, Your Honor.
22 We'll step out.
23             I'm sorry to ask but I would ask the member of the
24 press to step out.
25             THE COURT:  That would be great.

12

1           (Pause in proceedings.)  (Court resumes.)
2           THE COURT:  So I think where we are is that
3  Mr. Almeida doesn't want to be represented by Ms. Shroff and
4  because Ms. Shroff was just appointed and I'm not hearing a
5  good reason to appoint a new attorney, I think we may be in a
6  Faretta inquiry situation but I'm not prepared to do that
7  today because I wasn't aware that issue would arise.
8           I'd like to put this case down for a further status
9  conference so I can put together a Faretta script and I don't
10 know if you all have one that you want to propose to me as
11 well, but let's put this case down for a further status
12 conference where we can address that issue.
13          Mr. Chand, do you want to give us a possible date?
14 It could be next week.
15          THE CLERK:  Next week?
16          MS. SHROFF:  Actually, Your Honor, can you give us
17 two weeks so that we can see if --
18          THE COURT:  Sure.
19          MS. SHROFF:  Okay.
20          THE CLERK:  Can we do it February 15th at 3 p.m.?
21          MS. SHROFF:  That's fine for me, Your Honor.
22          MR. EDWARDS-BALFOUR:  Is there any way we can do it
23 Friday?  I'm away that week but I can have somebody cover for
24 me.
25          THE COURT:  Maybe somebody can cover.  I can't do

13

1 that Friday.
2 MR. EDWARDS-BALFOUR: Okay. Somebody can cover for
3 me then.
4 THE COURT: Okay. So February 15 at 3?
5 THE CLERK: Yes, February 15th at 3.
6 THE COURT: Anything else for us to take up today?
7 MR. EDWARDS-BALFOUR: Yes, Your Honor.
8 The government has a search warrant for the
9 defendant's DNA that we plan to execute now. We just wanted
10 to inform the Court that we'll do it over there, but if the
11 defendant doesn't allow us, then we would get a force order.
12 THE COURT: Okay.
13 MR. EDWARDS-BALFOUR: I just wanted to put that on
14 the record. I know defense counsel had an issue with the fact
15 that we had a warrant, but I just wanted to raise that.
16 MS. SHROFF: Your Honor, I'm sorry, normally, as far
17 as I know, I'm entitled to some notice as to -- I received
18 notice that they wanted to do it. I just don't know what the
19 basis is or what the good cause is or what the probable cause
20 is for them to swab.
21 THE COURT: I don't know anything about it either so
22 I assume they got a warrant from a judge.
23 MR. EDWARDS-BALFOUR: We have a warrant.
24 MS. SHROFF: Okay. I haven't seen the warrant.
25 MR. EDWARDS-BALFOUR: I served the warrant on you

1  last night.

2  MS. SHROFF: Okay. I'm sorry, Your Honor. If it
3  was served on me last night, I certainly have not had enough
4  time while I've been on trial to look at it at all. So I'm
5  going to ask for me to have some time. We're coming back in
6  two weeks. I don't think that I'm in a position to discuss
7  that issue with him or give him any notice between yesterday
8  and today.

9  MR. EDWARDS-BALFOUR: Well, it's a warrant,
10  Your Honor, and it's an order so I think the proper means may
11  be that she can, you know, write to -- she can, like, she can
12  write to the Court about something if she has a specific
13  basis, but, like, there's no basis other than to say, I just
14  got this. If she's just saying I just got this, it's still a
15  warrant. We went to a judge. The Magistrate Judge said there
16  was probable cause.

17  THE COURT: Right and, generally, warrants aren't,
18  you know, issued on notice to the person who's the subject of
19  the warrant. I am wondering if there's --

20  MR. EDWARDS-BALFOUR: It was a courtesy that I let
21  her know ahead of time that the warrant was coming. I gave
22  them a courtesy ahead of time but we, frankly, didn't have to
23  do that, Your Honor.

24  THE COURT: Yes. This is a DNA -- this is a warrant
25  to swab DNA?

1       MR. EDWARDS-BALFOUR:  Yes.

2       THE COURT:  I get the legal point.  This case seems
3  fraught, it just seems, and I'm wondering what the best way to
4  obtain a DNA sample is in this case and I'd rather not be put
5  in a situation to issue a force order and I'm just wondering
6  if you all want to talk about what the best way to accomplish
7  this is.

8       You have a warrant.  I haven't seen the warrant.  My
9  first line take would be you have a right to execute your
10 warrant, but I guess what I'm suggesting since you all have
11 raised the issue to me is you all may want to talk about what
12 the best way to get a DNA sample is in this case.

13      MR. EDWARDS-BALFOUR:  Yes.  Your Honor, all I was
14 saying is we'll ask, after this hearing, the defendant if he
15 will submit, but if he won't, then we will pursue a force
16 order.

17      THE COURT:  Does the warrant have a particular time
18 period in which it is to be executed?

19      MR. EDWARDS-BALFOUR:  Yes, it does, Your Honor.  By
20 February 13th.

21      THE COURT:  So, Ms. Shroff, do you want to --

22      MR. EDWARDS-BALFOUR:  And Your Honor --

23      THE COURT:  -- look at the warrant?  Talk to your
24 client about this.  They have a warrant.  They probably have a
25 good reason to want to execute it before the warrant expires.

1  So if you have a proposal, it may be worth figuring out what
2  your view is on how a good way to execute this warrant is.
3          MS. SHROFF:  I'll confer with Mr. Almeida and confer
4  with the government.
5          THE COURT:  Okay.  All right.
6          MS. SHROFF:  Your Honor, before we finish, may I
7  just make sure that the government is aware that Mr. Almeida
8  is completely unable to review the discovery they've sent him.
9  The MDC does not have the program on which that discovery may
10 be viewed and we're going to ask your office to consider
11 letting him have a laptop so that the discovery can be loaded
12 on it and he can review it.  So if you have an objection,
13 please let us know.
14         MR. EDWARDS-BALFOUR:  This was just raised to me,
15 Your Honor.
16         THE COURT:  Can you just talk amongst yourselves
17 about these discovery issues and when we're back in two weeks,
18 I'm hopeful you will have resolved them.  Talk about it today
19 and hopefully when you come back in two weeks, you'll be able
20 to tell me that this issue has been resolved.
21         This is electronic discovery?
22         MR. EDWARDS-BALFOUR:  Yes, it was produced on a
23 drive.  I don't know why the drive didn't work.
24         THE COURT:  And feel free between now and when we
25 meet again to put in a letter or let me know if there's some

```
 1   problem with this that you need me to get involved in.  Okay?
 2             MR. EDWARDS-BALFOUR:  Thanks, Your Honor.
 3             THE COURT:  All right.  Anything else?
 4             MR. EDWARDS-BALFOUR:  Nothing from the government.
 5             THE DEFENDANT:  I have a question.
 6             THE COURT:  Yes.
 7             THE DEFENDANT:  You said I got court the 15th?
 8             THE COURT:  Yes.
 9             THE DEFENDANT:  And that's for the inquiry, correct?
10             THE COURT:  Yes.
11             THE DEFENDANT:  And with this thing that they're
12   just talking about, I don't see what the issue is.  If they
13   want to do the shit, why can't we just speed up the process,
14   because I mean I'm waiting for 15 months, shit has happened,
15   I'm getting tired.
16             THE COURT:  So what my suggestion is is that you all
17   just talk about that issue.  So you talk to Ms. Shroff about
18   it, Ms. Shroff can talk to the government, and I'm hopeful
19   that that will resolve any issue.
20             MS. SHROFF:  Thank you, Your Honor.
21             THE COURT:  Anything else?
22             I haven't excluded time.  Are you going to ask me to
23   exclude time or are we going to let the clock run?
24             MR. EDWARDS-BALFOUR:  I was going to ask to exclude
25   time.  So, Your Honor, we would request that time be excluded
```

18

1  between now and February 15th.  It's in the interest of
2  justice.  The parties clearly have to negotiate a number of
3  things and for those reasons, the government thinks that
4  exclusion of time is necessary and in the interest of justice.
5       THE COURT:  All right.
6       Mr. Almeida, you have a right to a speedy trial.
7  The government is asking that this period of time be excluded
8  from the calculations under the Speedy Trial Act which is a
9  70-day period which you ordinarily need to be brought to
10 trial.
11      We're kind of in a netherworld here.
12      MS. SHROFF:  He doesn't need to consent, Your Honor.
13 The Court can make its own finding.
14      THE COURT:  All right.  I'll exclude time for the
15 parties to resolve issues surrounding Mr. Almeida's
16 representation and for the parties to resolve to ensure that
17 discovery is produced to Mr. Almeida and to consider some
18 other issues that may facilitate his defense.  I find that the
19 ends of justice served by the exclusion of time outweigh the
20 interest of the public and the defendant in a speedy trial.
21      Anything else for us to take up today?
22      MR. EDWARDS-BALFOUR:  Nothing further from the
23 government.
24      THE COURT:  I'll see you all in two weeks.
25      (Matter concluded.)